UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-CV-61784



CARY KAUFMAN, individually
and on behalf of all others similarly situated,

Plaintiff,
v.

NOVA SKIN INC. d/b/a NOVA SKIN
PRODUCTS,

Defendant.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, NOVA SKIN INC., by and through their undersigned counsel, and hereby files this motion for summary judgment pursuant to Local Rule 56.1. In support, the Defendant states as follows:

### No Genuine Issue to be Tried

1. There is no genuine issue to be tried.
2. The Plaintiff would have to prove that the Defendant used a mass automated dialing system, through a third party, contracted by the Defendant. The Plaintiff will not be able to prove any such assertion as that claim has no basis and is untenable.
3. The Defendant received written consent from the Plaintiff to send her a message.
4. The Plaintiff, voluntarily and of her own free will and accord, came to the Defendant's booth and signed up for text message service on November 24, 2015.
5. The Defendant then had the Plaintiff's express, written consent to send a text message to the Plaintiff.

1

6. On the Defendant's newsletter sign up sheet, where the Plaintiff voluntarily signed, it states that by signing Plaintiff **authorized Nova Skin to send advertisement and offers via email text or WhatsApp**. Attached as Exhibit A.

7. This is clearly and conspicuously written on the newsletter sign up sheet that the Plaintiff signed and it expressly shows the 'consequences of providing the requested consent.'

8. The Plaintiff cannot prove injury. The Plaintiff signed the Defendant's newsletter on November 24, 2015. No reasonable jury would consider two text messages, sent over the span of 4 years, as 'an invasion of privacy, aggravation, annoyance, intrusion and trespass' as alleged by Plaintiff in their Amended Complaint.

9. Further, the actual text message presented by the Plaintiff in their Amended Complaint, states that, if the Plaintiff did 'not want to receive the information, please let us know.' The Plaintiff who had voluntarily and in writing, consented to receiving the text message, could simply have opted out at any time.

10. There is no evidence that, before filing this lawsuit, the Plaintiff let the Defendant know that she did not want to receive the text message.

11. The Plaintiff asked the court for Injunctive Relief when the alleged behavior of the Defendant has already stopped. This claim or request is thus redundant.

12. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted.

## No Class Action

13. Pursuant to Local Rule 23 on Class Actions, the Plaintiff would have to prove the size and definition of the alleged class. There is nothing in the statement of facts that support a class action.

14. The Plaintiff cannot prove a class 'numbering in the thousands', as they allege in their Amended Complaint.

15. Pursuant to FRCP 23 (1) (A), the Plaintiff has to prove that the claims of the Plaintiff represent those of a class and that representation will fairly and adequately protect the interests of the class. The Plaintiff cannot prove an adequate representation of a class as there is no class.
16. Pursuant to FRCP 23(1)(A), the Plaintiff has to prove common questions of law and fact. There are no questions of law and fact common to the class.
17. Pursuant to FRCP 23(1)(A), the Plaintiff has to prove that the class is numerous. The Plaintiff cannot establish a class.
18. Thus, the predominance requirement for class certification under FRCP 23(b)(3) is not satisfied.

## Lack of Subject Matter Jurisdiction

19. Pursuant to FRCP 12(4)(B)(b), as there is no class action, the federal court does not have jurisdiction in this case. The Plaintiff has no basis on which to claim that the 'proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act'.
20. Thus, the case does not meet the threshold for federal jurisdiction.
21. Further, the TCPA does not apply to this case because the Plaintiff cannot prove any of the statements asserted in the Amended Complaint. The Plaintiff cannot prove that any text sent from the Defendant 'originated from a short-code, [which], demonstrates that Defendant utilized an ATDS in transmitting the messages.'
22. Also, The TCPA does not apply because the Plaintiff, by freely and voluntarily signing the Defendant's newsletter sign up sheet, gave express consumer consent to receive messages.
23. Under the TCPA 47 U.S. Code §227(2)(D), this was not an 'unsolicited advertisement' but even if it was, 47 U.S. Code §227(2)(D)(i) shows that the 'notice was clear and conspicuous, and on the first page' when the Plaintiff signed the newsletter sign up sheet.

3

24. Also, 47 U.S. Code §227(2)(D)(ii) the 'recipient may make a request to the sender ....not to send any future unsolicited advertisements.' At no time did the Plaintiff make any such request. The text message send has an 'opt out' mechanism and the Plaintiff could have easily advised the Defendant not to send any more text messages.

**WHEREFORE**, the Defendant requests this Court:

25. Enter an order for summary judgment or judgment as a matter of law.
26. Disallows and strikes the purported class action allegation. In the alternative, the Defendant ask for a postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary.
27. Pursuant to FRCP 23(1)(A), determines by order and certify whether the action is a class action.
28. Award attorney fees and court costs to the Defendant as the Plaintiff brought this claim without any basis.

## Jury Trial

29. Defendant hereby requests a jury trial if the above request is not granted.

## Request for Hearing

30. If the court does not grant this motion for summary judgment, the Defendant makes this request for hearing.
31. At the hearing, the Defendant can prove to the court that the Plaintiff voluntarily provided written consent to receive text messages on November 24, 2015, that the Plaintiff has been sent only 2 text messages in 4 years, and that the Plaintiff has suffered no harm.
32. The Defendant would only need an hour for the hearing and this hearing would help the court to appreciate that the Plaintiff has no valid legal claim.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to **JIBRAEL S. HINDI, ESQ. and THOMAS J. PATTI, ESQ.** of The Law Offices of Jibrael S. Hindi, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, via e-filing and email at jibrael@jibraellaw.com and tom@jibraellaw.com this 11th day of September 2019.

SAGE LAW, PLLC
1451 W. Cypress Creek Rd.
Suite 300
Fort Lauderdale, FL 33309
T: (954) 800-3969
E: sagelaw101@gmail.com

/s/Sashane McDonald
**Sashane McDonald, Esq.**
Florida Bar No. 127169
*Attorney for Defendant*